# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ALAN SNIPES, <br><br>                Petitioner, <br>   vs. <br><br>JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation, <br><br>                Respondent. | CASE NO. 06CV2531-LAB (AJB) <br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND EXTENDING TIME TO FILE AMENDED PETITION** |

      On November 15, 2006, Petitioner filed his petition for writ of habeas corpus. After several attempts to demonstrate he was entitled to proceed *in forma pauperis* ("IFP") on April 2, 2007 the Court granted Petitioner leave to proceed IFP. Pursuant to 28 U.S.C. 636, this matter was referred to Magistrate Judge Anthony Battaglia for report and recommendation. On June 4, 2007, Respondent moved to dismiss the petition. Petitioner opposed this and, on July 25, 2007, sought leave to amend his petition.

      On August 28, 2007 Magistrate Judge Battaglia issued his report and recommendation (the "R&R"), recommending that Defendant's motion to dismiss be granted without prejudice and with leave to amend. Neither party objected to the R&R, which the Court therefore **ADOPTS**. The petition is therefore **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

The R&R permitted Petitioner to file an amended petition on or before September 27, 2007, and to explain by the same date how he would proceed with regard to an unexhausted claim, enumerated as claim 18 in the memorandum accompanying his petition. (Memo. of Law in Supp. of Pet. at 45.) This claim consists of several arguments that the appellate court erred in denying Petitioner leave to represent himself and to supplement his counsel's briefing, refused to hear his habeas petition, affirmed an unspecified ruling on appeal, and denied him leave to file additional habeas claims on the basis that those claims should have been raised on direct appeal. (*Id.*)

On September 21, 2007, Petitioner filed an *ex parte* motion for a 30-day extension of time[1] in which to respond to the R&R, citing deprivation of his legal papers on September 4, 2007. Along with this request, Petitioner filed a draft of what appears to be his intended amended petition. He also stated his intention to abandon the unexhausted claim. (Motion of Sept. 21, 2007 at 2, 11 (stating his intention to withdraw the unexhausted claim by amending his petition).) Petitioner believes he can raise the same arguments in the context of exhausted claims. (*Id.* at 11.)

For good cause shown, Petitioner's request for an extension is hereby **GRANTED**, and the time by which he must file an amended petition is extended to October 29, 2007. In accordance with his stated intentions, the Court will consider Petitioner's eighteenth claim

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Petitioner, apparently mistaking the dates, requests the deadline be extended 30 days from September 24, 2007 to October 24, 2007. The Court construes this liberally as a request for a 30-day extension from September 27, 2007. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (explaining that a district court must construe *pro se* habeas filings liberally) (citation omitted). Because October 27, 2007 is a Saturday, the Court further construes this as a request for an extension until the next business day, or October 29, 2007.

as formally abandoned.  (*See* R&R at 4:14–23 (explaining that Petitioner may formally abandon his unexhausted eighteenth claim).)

**IT IS SO ORDERED**.

DATED:  October 15, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge